Thomas BURNETT, Sr.,
et al., Plaintiffs,

v.

AL BARAKA INVESTMENT &
DEVELOPMENT CORP.,
et al., Defendants.

No. 04MS203(RBW).

United States District Court,
District of Columbia.

July 6, 2004.

Elizabeth J. Shapiro, Vesper Mei, U.S. Department of Justice, Washington, DC, for Defendant.

**ORDER**

WALTON, District Judge.

On April 23, 2004, the Emergency Motion of the United States to Quash Deposition of Sibel Edmonds, or for Protective Order ("Gov't Mot.") was filed with the Court in the above-captioned case,[1] wherein the government asserted that "information sought by the deposition subpoena is protected by the state secrets privilege, a privilege already asserted and under review in the context of another case[,]" *Edmonds v. United States Department of Justice,* Civil Action No. 02–1448 (D.D.C.). Gov't Mot. at 1. On April 26, 2004, this Court held a hearing on the motion and issued an Order granting the government's emergency motion and provisionally quashed the subpoena for the deposition of Sibel Edmonds until such time as the Court could fully evaluate the government's position. Apr. 26, 2004 Order. Attorney General John Ashcroft subsequently submitted a declaration to the Court on May 14, 2004, formally asserting the "claim of the state secrets privilege in order to protect the foreign policy and national security interests of the United States." May 14, 2004 Notice of Filing, Exhibit ("Ex.") 1 (Declaration of John Ashcroft) ¶ 2. Upon reviewing the Attorney General's Declaration, on June 18,

1. Pursuant to 28 U.S.C. § 517, "[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

2004, this Court issued an Order for the plaintiffs to produce a·list of questions they propose to ask the deponent and for the United States to respond to this list of questions with an *ex parte* declaration, detailing why the state secrets privilege precludes the deponent from responding to each question. June 18, 2004 Order. Upon consideration of the parties' submissions, the *ex parte in camera* reviews of classified declarations, and for the reasons set forth below and more fully explained in the Memorandum Opinion addressing the government's motion to dismiss filed in the *Edmonds* case that is being issued contemporaneously with this Order, the Court will grant in part and deny in part the government's motion to quash the subpoena. Accordingly, the plaintiffs are prohibited from asking those questions that would reveal information the· government has properly asserted falls under the umbrella of the state secrets privilege, but the plaintiffs are permitted to ask the deponent those questions that the government has not raised objections to in its *ex parte* declaration.

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) states that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies[.]" Fed.R.Civ.P. 45(c)(3)(A)(iii). The government has asserted that "[t]he information over which the state secrets privilege has been asserted is information that would be disclosed by Ms. Edmonds' testimony here, and is information for which the disclosure, or risk of inadvertent disclosure, would cause serious· damage to the national security and foreign policy interests of the United States." Gov't Mot., Statement of Interest of the United States of America in Support of Emergency Motion to Quash Deposition of Sibel Edmonds, or for Protective Order

("Gov't Stat.") at 2. As indicated above, this Court has reviewed *ex parte* the ·classified declaration submitted by the government in response to the Court's June 18, 2004 Order, which details why·the state secrets privilege prohibits the plaintiffs from asking the deponent certain proposed questions. For all of the reasons expressed by this Court in its Memorandum Opinion addressing the government's motion to dismiss filed in the *Edmonds* case that is being issued contemporaneously with this Order,· the Court concludes that the state secrets privilege ·has been properly invoked by·the Attorney General and, following a review of the classified declarations submitted by the government, finds that if the plaintiffs' proposed questions that have been objected to by the government were propounded to the deponent, there is· a "reasonable danger" that "secrets of state"· would be revealed. *In re United States,* 872 F.2d 472, 475 (D.C.Cir. 1989). The Court notes that while some of these objectionable questions may seem innocuous, one of the many·concerns to the Court is that should the defendants desire to cross-examine the deponent on the veracity of her ·claims, which undoubtedly would occur, the deponent would inevitably have to reveal privileged information in order to establish the basis and source of her knowledge. Moreover, the government accurately asserts that "it is clear that each of the categories of information sought ·by plaintiffs in this case will require a discussion and, description of the nature of Ms. Edmonds' duties with the FBI, information that is protected by the state secrets privilege and that has been classified by the ·FBI." Gov't Stat. at 12. As the District of Columbia Circuit has stated:

> [i]t requires little reflection to understand that the business of foreign intelligence gathering in this age of computer

technology is more akin to the construction of a mosaic than it is to the management of a cloak and dagger affair. Thousands of bits and pieces of seemingly innocuous information can be analyzed and fitted into place to reveal with startling clarity how the unseen whole must operate.

*Ellsberg v. Mitchell,* 709 F.2d 51, 58 (D.C.Cir.1983) (quoting *Halkin v. Helms,* 598 F.2d 1, 8 (D.C.Cir.1978)). Therefore, because the Court finds that the government has properly invoked the state secrets privilege, and that Rule 45(c)(3)(A)(iii) mandates that the Court prohibit the plaintiffs from asking those questions objected to by the government in its *ex parte* declaration submitted to the Court, it is hereby this 6th day of July, 2004

**ORDERED** that the Emergency Motion of the United States to Quash Deposition of Sibel Edmonds, or for Protective Order is **GRANTED IN PART AND DENIED IN PART.** It is

**FURTHER ORDERED** that the plaintiffs are prohibited from asking the following Proposed Questions: 2, 5, 7, 8, 9, 13, 16–31. Accordingly, the plaintiffs are only permitted to ask the deponent the remaining proposed questions that were not objected to by the government in its *ex parte* classified declaration, specifically, Proposed Questions: 1, 3–4, 6, 10–12, 14–15.[2] It is

**FURTHER ORDERED** that the government shall be permitted to have a representative present at any deposition of

Sibel Edmonds to monitor compliance with this Order and to otherwise ensure that state secrets are not revealed.[3]

**SO ORDERED.**

---

**2.** Although the government's obligation to preserve the classified declarations that were reviewed by this Court in connection with this case is obvious, the Court reminds the government of its obligation to maintain the classified declarations in their original state until the appellate process has been exhausted.

**3.** In the event government counsel interjects an objection to a question posed to or a response being provided by Ms. Edmonds during the course of the deposition, the proceedings as to that question or response shall cease immediately and shall not proceed further until the matter is brought to the Court and a ruling on the objection is issued by this Court.